**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4225**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AMBERLI SINANI,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge.  (1:16-cr-00119-ELH-6)

Submitted:  January 22, 2018                    Decided:  February 7, 2018

Before GREGORY, Chief Judge, KEENAN, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Andrew H. Baida, ROSENBERG, MARTIN & GREENBERG, LLP, Baltimore, Maryland, for Appellant.  Christopher John Romano, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amberli Sinani was convicted by a jury of conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012), and was sentenced to 125 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court's questions and comments during trial compromised Sinani's right to a fair and impartial trial, and whether trial counsel was ineffective. Sinani was notified of his right to file a pro se brief but has not done so. We affirm.

With regard to Sinani's first contention, because he did not object to the district court's questions and comments during trial, we review the alleged improprieties only for plain error. *United States v. Lefsih*, 867 F.3d 459, 466 (4th Cir. 2017). To show plain error, Sinani must demonstrate "that (1) an error was committed, (2) the error was plain, and (3) the error affected [his] substantial rights." *United States v. Price*, 777 F.3d 700, 711 (4th Cir. 2015). "In this context, that means that we may not intervene unless the judge's comments were so prejudicial as to deny the defendant an opportunity for a fair and impartial trial." *Lefsih*, 867 F.3d at 466 (brackets and internal quotation marks omitted).

"Questions of trial management are quintessentially the province of the district courts." *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006). Thus, "it is settled beyond doubt that in a federal court the judge has the right, and often the obligation, to interrupt the presentations of counsel in order to clarify misunderstandings." *Id.*

2

(brackets and internal quotation marks omitted); *see Lefsih*, 867 F.3d at 467 ("[I]n discharging his or her duties, it may be incumbent on a trial judge to question a witness for the purpose of developing the facts." (internal quotation marks omitted)). "It is neither possible nor desirable for district judges to sit back and observe trials as nonchalant spectators, as judicial participation is frequently necessary to ensure that uncertainty sown during testimony does not culminate in jury room confusion." *Smith*, 452 F.3d at 332. However,

> [a] court's participation during trial should never reach the point at which it appears clear to the jury that the court believes the accused is guilty, or becomes so pervasive in [her] interruptions and interrogations that [she] may appear to usurp the role of either the prosecutor or the defendant's counsel.

*United States v. Godwin*, 272 F.3d 659, 677 (4th Cir. 2001) (alterations and internal quotation marks omitted).

Here, the district court interrupted the trial to ask questions of the witnesses or the attorneys on several occasions during the seven-day trial. However, the questions posed by the court were mainly aimed at clarifying testimony that related to complex factual matters, including wiretapped phone calls and meetings between numerous individuals on varying dates and in different locations. Although the district court also asked questions during Sinani's testimony, those questions similarly were aimed at clarifying the testimony and, contrary to Sinani's assertion on appeal, did not convey any doubt about Sinani's credibility. Because the questioning was not pervasive, did not appear to usurp the role of the prosecutor or defense counsel, and did not reflect that the court disbelieved any of the witnesses, we perceive no plain error.

Sinani's claim of ineffective assistance of counsel is only cognizable on direct appeal if it conclusively appears on the record that counsel was ineffective. *United States v. Galloway*, 749 F.3d 238, 241 (4th Cir. 2014). To succeed on a claim of ineffective assistance of counsel, Sinani must show that: (1) "counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984); and (2) "the deficient performance prejudiced the defense," *id.* at 687. The record before us does not conclusively establish ineffective assistance of counsel, and Sinani's claim therefore should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Faulk*, 821 F.3d 502, 508 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Sinani, in writing, of the right to petition the Supreme Court of the United States for further review. If Sinani requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sinani.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4